J-S56030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BERMUDEZ | |
| Appellant | No. 1149 EDA 2017 |

Appeal from the PCRA Order entered March 2, 2017
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001205-2016

BEFORE: BOWES, STABILE, and PLATT[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 09, 2017**

Appellant, David Bermudez, appeals from the March 2, 2017 order entered in the Court of Common Pleas of Northampton County, denying his request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. PCRA counsel has filed a no-merit brief and petitioned this Court to withdraw under **Turner/Finley**.[1] Upon review, we grant the petition to withdraw and affirm the order of the PCRA court denying Appellant's PCRA petition.

The PCRA court summarized the relevant background as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On August 19, 2016, [Appellant] plead guilty [] to one count of burglary as a felony of the first degree and one count of robbery as a felony of the first degree. [Appellant] was sentenced to 36 to 72 months on the burglary charge and a consecutive 48 to 96 months on the robbery charge. [Appellant] was represented by [plea counsel].

[Appellant] filed the instant PCRA [petition] on December 5, 2016. [Counsel] was appointed to represent [Appellant]. A PCRA issue-framing conference was held before the [PCRA court] on January 6, 2017, followed by a hearing on February 21, 2017, at which [PCRA counsel] asserted the following issues on [Appellant's] behalf: that [plea counsel] was ineffective for inducing [Appellant] to enter an involuntary and unknowing guilty plea; and for failing to provide [Appellant] with written discovery related to his case until after [Appellant]'s plea and sentencing.

PCRA Court Opinion, 3/2/17, at 1-2.

The PCRA court denied Appellant's petition on March 2, 2017. This appeal followed.

On July 3, 2017, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel raises two issues for our review: (i) whether trial counsel was ineffective for unlawfully inducing him into entering an involuntary and unknowing guilty plea, and (ii) whether trial counsel was ineffective for failure to share physical discovery material with him. ***Turner/Finley*** Brief at 2.

Before we may consider these issues, we must address whether PCRA counsel has met the requirements of ***Turner/Finley***. For PCRA counsel to withdraw under ***Turner/Finley*** in this Court:

(1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the

> appellate issues; and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

*See Commonwealth v. Widgins*, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting *Turner*, *Finley*, *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009), and *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2008), *overruled in part by Pitts*).

We find that PCRA counsel has complied with *Turner*/*Finley*. PCRA counsel has petitioned for leave to withdraw and filed a *Turner*/*Finley* no-merit letter. Further, PCRA counsel informed Appellant of his right to hire a new lawyer or file a *pro se* response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819.

As noted, Appellant claims counsel was ineffective for unlawfully inducing him to enter into the guilty plea and for failing to share discovery material with him before entering a guilty plea.[2]  We disagree.

The right to effective assistance extends to the plea process:

> [A]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citation omitted).

Moreover,

> to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have  pleaded guilty and  would  have  insisted  on  going  to trial." [*Commonwealth v. Rathfon*, 899 A.2d 365, 369-70 (Pa. Super. 2006)] (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  "The reasonable probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome."  *Id.* at 370 (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)).

*Id.*

_____

[2] Section 9543(a)(2)(ii) permits collateral relief for "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Regarding the first allegation (*i.e.*, plea counsel induced him to enter into the guilty plea), our review of the record fails to show anything supporting the plea was other than voluntary or knowingly. *See* PCRA Court Opinion, 3/2/17, at 2-3. Briefly, the record shows Appellant was informed of his rights, and unequivocally stated that he understood the nature of the charges, factual basis for the charges, the penalties associated with the charges, and the nature of the plea and its consequences. Thus, "it is clear that [Appellant] was made aware of the terms of his bargain, and he received the benefit of that bargain. [Appellant]'s guilty plea was both voluntary and knowing." *Id.* at 3.

Regarding the second allegation (*i.e.*, plea counsel failed to timely provide him with a physical copy of discovery material), the PCRA court noted:

> [Appellant]'s contention that he would not have pled guilty if he had a physical copy of the discovery prior to his guilty plea must fail under the standard set forth above. First, [plea counsel] had a reasonable basis to decline to provide [Appellant] with a physical copy of the discovery prior to the plea. [Plea counsel] testified at the PCRA hearing that he was concerned that if he provided the written discovery to [Appellant] in the prison, [Appellant] would utilize the assistance of another inmate to translate the documents, as [Appellant] was not proficient in English, which could create a "jailhouse snitch" who could potentially testify against [Appellant]. [Plea counsel] further testified that he declined [Appellant's] request to have the discovery documents sent to [Appellant]'s brother after [Appellant] commented that he "would not have to worry about witnesses" if that occurred. Furthermore, [Appellant] cannot establish that he was prejudiced by counsel's failure to give him a physical copy of the written discovery prior to the plea where all the testimony demonstrates that [plea counsel] spent a significant amount of time reviewing the evidence against [Appellant] with him and in reviewing and preparing the negotiated guilty plea.

PCRA Court Opinion, 3/2/17, at 3-4.  Upon review of the record, we agree with the above analysis and conclusion that Appellant is not entitled to relief on the instant claim.

In light of the foregoing, we conclude the PCRA court properly found Appellant is not entitled to relief on his claims.  Moreover, our review of the record does not reveal any other meritorious issues.

Counsel's petition to withdraw granted.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017